### N. B. FINCH v. TOWN OF SPRING HOPE.

(Filed 8 March, 1939.)

**Municipal Corporations § 14—**

> In this action to recover for injury sustained by plaintiff when he fell over roots of trees growing above the surface of the sidewalk in defendant municipality, judgment as of nonsuit should have been granted under authority of *Watkins v. Raleigh,* 214 N. C., 644.

APPEAL by defendant from *Ervin, Special Judge,* at September Term, 1938, of NASH.

*W. H. Yarborough, Harold D. Cooley and Dan B. Bryan for plaintiff, appellee.*

*O. B. Moss for defendant, appellant.*

PER CURIAM. This is an action to recover damages for personal injuries to the plaintiff alleged to have been proximately caused by the negligent failure of the defendant to maintain a sidewalk in a municipality in a reasonably safe condition, in that the defendant permitted said sidewalk to become obstructed and dangerous by allowing roots of trees to grow and remain upon and above the surface of said sidewalk, against which roots the plaintiff while walking on said sidewalk struck his feet and fell, and thereby caused his injury.

Trial was had upon the usual issues of negligence, contributory negligence and damage, resulting in the issues being answered in favor of the plaintiff. From judgment predicated on the verdict the defendant appealed, assigning errors.

The defendant demurred to the evidence and moved for a judgment as in case of nonsuit when the plaintiff had rested his case and at the close of all of the evidence, C. S., 567, and reserved exceptions to the refusal of the court to allow its motion. We are constrained to hold that the exceptions are well taken, and that the motion should have been allowed. The case is governed by the principles enunciated in *Houston v. Monroe,* 213 N. C., 788, and *Watkins v. Raleigh,* 214 N. C., 644, and cases therein cited.

Reversed.